### 10323

#### DINGLE v. MAJOR.

(101 S. E. 836.)

1. DEEDS—EVIDENCE SHOWING MOTHER'S DEED TO DAUGHTER WAS PROCURED BY FRAUD AND WAS WITHOUT CONSIDERATION.—In suit by an ignorant nergro woman, 75 years old, unable to read or write, and without business experience, to set aside, on the ground of fraud, deed of her interest in her intestate husband's land, made in consideration of agreement by the grantee daughter and husband to support her for life and build her a house on her part of the land, evidence *held* sufficient to sustain finding the fraud alleged, misrepresentation by the grantee daughter's husband as to the contents of the deed, had been proved, and that the deed was without consideration.

2. DEEDS—EVIDENCE—SEAL NOT CONCLUSIVE EVIDENCE OF CONSIDERATION IN CASE OF ATTACK FOR FRAUD.—A seal *prima facie* imports consideration, where none is alleged or proved, but is not conclusive of the issue, where the instrument, as a deed, is attacked for fraud or undue influence, in which case want or insufficiency of consideration may be proved as an element tending to prove fraud.

Before WILSON, J., Williamsburg, Summer term, 1919. Affirmed.

Action by Diana Dingle against Frances Major. From a judgment for plaintiff, defendant appeals.

*Messrs. Stoll & O'Bryan,* for appellant, submit: *That there is no evidence as to fraud, neither is there a specific finding of fraud by the referee, and that as the deed was under seal, it was error to hold that same was without consideration:* 44 S. C. 378; 59 S. C. 560; 64 S. C. 233. *Where*

*a deed is sought to be cancelled on the ground of fraud, evidence which shows only an honest mistake or innocent misrepresentation is not sufficient to cancel same:* 6 Cyc. 335. *Where complaint demands cancellation on the ground of fraud, same cannot be decreed to be cancelled on proof of some other grounds which would have made out a case under some other distinct head of equity:* 6 Cyc. 333. *A grantor cannot impeach his deed on the sole ground that it is without consideration. If no consideration is expressed in the deed, the sale will be sufficient:* 44 S. C. 378.

*Messrs. Lee & Shuler,* for respondent (no citations).

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This is an action to set aside a deed from plaintiff to defendant, who is plaintiff's daughter, for fraud.

Plaintiff is an ignorant old negro woman, being about 75 years old, unable to read or write, and without any business knowledge or experience. Her husband, James Dingle, died intestate, about 1908, seized of a tract of 75 acres of land, and leaving plaintiff and nine children as his heirs and distributees. The children had all left home, except a son, James, with whom plaintiff continued to live at the home, until he died, about two years later. After the death of James, she lived with defendant about two years, and then moved back to the old home place into a little cabin that had been prepared for her; the old dwelling house having gone to decay and become unfit to live in. The cabin was very small and uncomfortable, and the old woman wanted a better house to live in.

There had been some talk about them, mother and children, about the division of the land, so that each could have his share in severalty. In these talks the old woman was told and believed that she had only an equal share with the children—a child's part. She made a verbal agreement with

defendant and her husband, Ben Major, who appears to have represented his wife throughout, and under whose guidance she appears to have acted, that if they would support and take care of her, and build a comfortable house on her part of the land, for her to live in the rest of her life, she would convey to defendant her interest in the land. Their idea appears to have been to have her part and defendant's part set off together. Ben told her that he would not build the house until the land was divided, saying that, if he did, the other children would get the benefit of it.

On February 16, 1918, Ben had a Mr. Gordon, a white man who lives near them, prepare the deed in question, and carried plaintiff to his house, where she executed it. The deed does not embody the agreement, but is an absolute conveyance of plaintiff's interest in the land, without any condition, reservation, or limitation whatever. Plaintiff testified that the deed was not read or explained to her; that Ben told her that it was a paper to effect a division of the land, so that her part could be set off to her, and he could then build her house, according to their agreement; that she signed it, relying entirely upon that statement, and believing that he would protect her rights. Mr. Gordon testified that the deed was either read or explained to her, but he did not say which. The master found that, whether read or explained, she did not understand its purport, and that she would not have signed it, if she had been made to understand it The Circuit Court concurred in that finding, and it is sustained by the weight of evidence.

On March 4, 1918, defendant commenced an action against her brothers and sisters for the sale of the land for partition, alleging that it could not be divided in kind, and alleging that she had bought and was the owner of her mother's interest therein. Thereupon this action was commenced. In her verified answer, defendant denied the agreement alleged in the complaint, and alleged that the deed was executed in consideration of the care and support

which she had furnished her mother for the eight years before the execution thereof. But at the trial defendant admitted the agreement, and said that it was their intention that it should be embodied in the deed, as appears from the following excerpt from her testimony:

"It was understood with my mother that, if she would make me a deed to her interest in the land, I would build her a house on it, and she could live in it as long as she lived, and then the land would come to me. I told Mr. Gordon this, and she told Mr. Gordon the same thing, and Mr. Gordon was to draw the paper to that effect. I saw Mr. Gordon about three weeks before that paper was signed, and he told me he would have the paper ready, and for me to have mother there. I sent little Mose Frasier for my mother, and she came, and Ben took her to Mr. Gordon's. It was my understanding that the paper should provide that I was to get Diana's interest and build a house on it. Diana was to live in it as long as she lived, and when she died I would have it. If the paper didn't say that, the paper is wrong. I did not intend to get a paper signed that would enable me and my husband to put her out of her home. It was my understanding that I was to build the house on the place, when it was cut and straight, and it was mother's understanding that I would build her a house after the land was cut."

Ben Major also practically admitted the agreement in his testimony, though he said the consideration of the deed was the past support and maintenance of plaintiff. This contention led to the introduction of plaintiff's testimony, which showed that Ben and Frances had gotten something over $200 out of a policy of $300 on the life of the son, James, who had insured his life for the benefit of his mother, and that Ben had been allowed to cultivate the most and best of the arable land on the tract, in consideration of his and his wife's care of the mother, for which it appeared that they had been well compensated for their care of plaintiff.

From what has been said, it appears that there was abundant. evidence to sustain the findings that the fraud alleged had been proved, and that the deed was without consideration.

Appellant errs in supposing that the legal effect of the seal to the deed is conclusive evidence that it was supported by a valuable consideration.   A seal merely imports *prima facie* a consideration, where none is alleged or proved; but it is not conclusive of that issue, where the instrument is attacked for fraud or undue influence.   In such cases, want of insufficiency of consideration may be proved, as an element tending to prove fraud. *Way v. Insurance Co.,* 61 S..C. 501, 39 S. E. 742.

The deed was set aside, because it was executed by plaintiff under the false and fraudulent representations, made to her by Ben Major, as to its contents, and not, as appellant supposes, because it was found that it was without consideration, or that there had been a failure of consideration.

Judgment affirmed.